```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                     AT CHARLESTON
```

**KATELYN GRACE SLEBODA,**

       Plaintiff,

v.                                    Civil Action No. 2:13-30805

**GEORGE MICHAEL PUSKAS, II,**
individually and in his capacity
as a police officer for the
Town of Ripley, West Virginia,
**RAYMOND ANDREW WILLIAMS,** in his capacity
as a police officer for the
Town of Ripley, West Virginia,
**THE TOWN OF RIPLEY POLICE DEPARTMENT** and
**RIPLEY YOUTH SOCCER CLUB**
(a Soccer Association) and
**SHERRI STAHLMAN,** in her capacity as
Registrar and District Representative, and
**CLYDE KENNY,** in his capacity as
a Police Officer of and for
The Town of Ripley Police Department

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the joint motion by all parties, excluding George Michael Puskas, II, to unseal documents and provide access to all investigative materials, filed February 12, 2015.

There are two criminal actions previously adjudicated that involve Mr. Puskas, namely, <u>United States v. Puskas</u>, 2:13-0008, and <u>United States v. Puskas</u>, 2:13-164. The parties, with

the exception of Mr. Puskas, who is proceeding pro se, seek an apparent trove of documents from the two criminal actions and beyond. An excerpt from the joint motion provides as follows:

> By information, your undersigned counsel verily believe that direct and indirect relevant and discoverable evidence exists as a part of evidentiary submissions received by this Court during the aforementioned criminal proceeding and filed with the Court either in a redacted or sealed capacity. Additionally, direct and indirect relevant and discoverable evidence referred to by counsel for the Government during the criminal proceedings may be currently held in the files of the United States Attorney for the Southern district of West Virginia and/or its investigators employed or assigned to investigate and gather information in the underlying and heretofore identified criminal case.

(Mot. at 2-3).

In support of their request, the parties recite the familiar rules governing public access to court documents. As noted, Mr. Puskas does not join in the motion. Additionally, the United States has not been heard on the matter. The analysis is further hampered by the fact that the parties have not specified the specific docket entries they wish to examine or the possible documents in the United States' possession, including presumably grand jury materials, meriting disclosure.

The untailored showing presently before the court provides no basis for the broad relief requested. For example, one of the sealed documents found in the official file is the

2

presentence report. That type of document is scrupulously protected by federal law. See <u>United States v. Allen</u>, 716 F.3d 98, 104 (4th Cir. 2013) (noting "PSRs have always been jealously guarded ... by the federal courts.") (internal citations omitted).

If the parties desire to pursue the unsealing request and continue to seek production of the United States' investigative files, they may, on or before March 20, 2015, renew their request, accompanied by a comprehensive memorandum of law supporting the relief requested. If filed, the parties are directed to serve a copy of the papers on R. Booth Goodwin II, United States Attorney, who may respond, along with Mr. Puskas, on or before April 8, 2015, with any reply due on or before April 17, 2015.

The Clerk is directed to transmit a copy of this written opinion and order to R. Booth Goodwin II, United States Attorney, all counsel of record and any unrepresented parties.

ENTER: March 3, 2015

John T. Copenhaver, Jr.
United States District Judge

3