UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

KATELYN GRACE SLEBODA,

        Plaintiff,

v.                                    Civil Action No. 2:13-30805

GEORGE MICHAEL PUSKAS, II,
individually and in his capacity
as a police officer for the
Town of Ripley, West Virginia,
RAYMOND ANDREW WILLIAMS, in his capacity
as a police officer for the
Town of Ripley, West Virginia,
THE TOWN OF RIPLEY POLICE DEPARTMENT and
RIPLEY YOUTH SOCCER CLUB
(a Soccer Association) and
SHERRI STAHLMAN, in her capacity as
Registrar and District Representative, and
CLYDE KENNY, in his capacity as
a Police Officer of and for
The Town of Ripley Police Department

        Defendants.

MEMORANDUM OPINION AND ORDER

        Pending is the renewed joint motion by all parties,

excluding George Michael Puskas, II, to unseal documents and

provide access to all investigative materials, filed March 19,

2015.  At the court's direction, the United States responded

thereto on April 2, 2015.

        There are two criminal actions previously adjudicated

that involve Mr. Puskas, namely, United States v. Puskas, 2:13-

0008, and <u>United States v. Puskas</u>, 2:13-164.  The plaintiff and the defendants ("the parties"), with the exception of Mr. Puskas, who is proceeding <u>pro</u> <u>se</u>, seek an apparent trove of documents from the two criminal actions and beyond.  An excerpt from the joint motion provides as follows:

> Together Plaintiff and Defendants, excluding pro-se Defendant Michael Puskas, respectfully request that this Court's seal on the witness lists, witness statements, exhibits, photos, videos, cell phone records, and investigative file contents used by the United States attorney in the prosecution of <u>United States v. George Michael Puskas, II</u>, be lifted so that these documents may be used in the pending civil action. The witness lists, witness statements, exhibits, photos, videos, cell phone records, and other evidence is [sic] relevant for purposes of 1) demonstrating whether the allegations contained within Plaintiff Sleboda's Second Amended Complaint are true, and 2) impeaching the credibility or supporting the credibility of any such claims which Plaintiff asserts in her case for damages.

(Mot. at 1-2).  They specifically seek "the investigative file used in Case Numbers: 2:13-CR-0008; 2-13-CR-00164-1."  (Mem. in Supp. at 1-2).

        In support of their request, the parties recite the familiar rules governing public access to court documents. These rules appear inapposite inasmuch as the parties seek not the court record, much of which is available electronically, but rather the United States' investigative file.  The United States opposes the request, asserting that it fails to comply with 28 C.F.R. §§ 16.21 through 16.29, which are part of the United

States Department of Justice ("DOJ") regulations promulgated in

light of <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462

(1951).


                              II.


        As the United States correctly notes, there are

regulations governing requests of this nature:

>       (a) In any federal . . . case . . . in which the
>       United States is not a party, no employee . . . of the
>       Department of Justice shall . . . produce any material
>       contained in the files of the Department . . . or
>       disclose any information or produce any material
>       acquired as part of the performance of that person's
>       official duties . . . without prior approval of the
>       proper Department official in accordance with §§ 16.24
>       and 16.25 of this part.
>
>       (b) Whenever a demand is made upon an employee . . .
>       as described in paragraph (a) of this section, the
>       employee shall immediately notify the U.S. Attorney
>       for the district where the issuing authority is
>       located. The responsible United States Attorney shall
>       follow procedures set forth in § 16.24 of this part.
>
>              . . . .
>
>       (d) When information other than oral testimony is
>       sought by a demand, the responsible U.S. Attorney
>       shall request a summary of the information sought and
>       its relevance to the proceeding.

28 C.F.R. § 16.22.


        In <u>United States v. Williams</u>, 170 F.3d 431 (4th Cir.

1999), a state criminal defendant charged with murder attempted

to subpoena files from the Federal Bureau of Investigation.  The
stakes in Williams were exceptionally high.  In contrast to the
instant civil matter, the accused there contended that
exculpatory evidence was in the file he requested.  The court of
appeals nevertheless observed as follows:

> By requiring that a state criminal defendant
> comply with the Justice Department's regulations as a
> prerequisite to obtaining potentially exculpatory
> information, we in no way authorize the FBI to
> withhold such information where it has participated in
> the investigation of the alleged crimes at issue.  Nor
> do we deprive the state criminal defendant of
> meaningful judicial review of the FBI's response to
> such a request.

> Under the Justice Department regulations, a state
> criminal defendant is simply required to serve upon
> agency officials, in addition to his state court
> subpoena or other demand for information, a response
> to the United States Attorney's request for a summary
> of the information sought and its relevance to the
> proceeding.  If dissatisfied with the agency's
> response to the request, the defendant is not without
> recourse. The proper method for judicial review of the
> agency's final decision pursuant to its regulations is
> through the Administrative Procedure Act ("APA").  On
> review, district courts have jurisdiction to set aside
> agency action that is "arbitrary, capricious, an abuse
> of discretion, or otherwise not in accordance with
> law," including action that is "contrary to
> constitutional right, power, privilege, or immunity."
> In addition, the APA vests the district court with
> authority to "compel agency action unlawfully withheld
> or unreasonably delayed."  Therefore, a state criminal
> defendant, aggrieved by the response of a federal law
> enforcement agency made under its regulations, may
> assert his constitutional claim to the investigative
> information before the district court, which possesses
> authority under the APA to compel the law enforcement
> agency to produce the requested information in
> appropriate cases.

United States v. Williams, 170 F.3d 431, 434 (4th Cir. 1999)

(citations and footnotes omitted); Kasi v. Angelone, 300 F.3d

487, 506 (4th Cir. 2002) ("[A] state criminal defendant who

seeks investigative file materials from a federal agency must do

so under the applicable agency regulations . . . .") (citations

omitted).

      The parties' response to the United States' invocation

of Touhy principles is that they do not seek the records

pursuant to subpoena but directly by order of the court.  There

is no basis for drawing an exception to the regulations using

such an artifice.  The regulations are mandatory and the parties

are thus required to avail themselves of the process outlined

therein.

      It is, accordingly, ORDERED that the renewed joint

motion be, and hereby is, denied.

      The Clerk is directed to transmit a copy of this

written opinion and order to R. Booth Goodwin II, United States

Attorney, all counsel of record and any unrepresented parties.

              ENTER:  May 26, 2015

              John T. Copenhaver, Jr.
              United States District Judge